UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

DEC 16 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:20CR826 MTS/PLC |
| JEROME WILLIAMS, | ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its Attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Daniel E. James, Special Assistant United States Attorney for said District, and moves this Court to order Defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, § 3141, et seq.

As and for its grounds, the United States of America states as follows:

1. Defendant is charged with in Count One with Possession of a Controlled Substance with the Intent to Distribute, in violation of 21 U.S.C. § 841(a)(a), an offense for which a minimum term of imprisonment is 10 years as prescribed under Title 18 U.S.C. § 841(b)(1)(b), and presumptive detention therefore applies;

2. According to St. Louis Metorpolitian Police Department, on September 17, 2020, officers of the St. Louis City Metropolitan Police Department were on patrol in the Wells/Goodfellow neighborhood. Officer observed a black Chevrolet Impala with Mo License plate BB4W3R come to a stop sign at the intersection of Dr. Martin Luther King and Clara. The Impala pulled into the parking lot of Crown Food Mart at 5588 Dr. Martin Luther King Drive.

3. A computer check showed that the Impala was registered to Jerome Williams and that Williams had an outstanding warrant for Delivery of a Controlled Substances x 2 and Possession of a Controlled Substance.

4. Officers observed Williams leave the Impala and enter the store. Williams was positively identified based upon the photograph accompanying the arrest warrant. As officers approached Williams, one officer loudly stated, "Mr. Williams." Upon turning to see the officers, Williams turned and sprinted away from the officers. After a brief pursuit, Williams was apprehended and surrendered to the officers.

5. Williams was placed under arrest for the outstanding warrant. A search incident to arrest found $1598.10 in U.S. currency in his front right pocket, along with car keys and a cell phone. Officers went back to where Williams left the Impala to prepare to tow the vehicle.

6. Upon arrival at the Impala, officers smelled an odor associated with marijuana coming from a partially opened window. In plain view, officers observed a clear plastic knotted baggie of green vegetation, a separate clear plastic knotted baggie containing multi-colored pills in the driver's side door handle.

7. Officer searched the vehicle for suspected narcotics and found the following:
   a. Purple Crown Royal bag located on the passenger side floorboard containing:
      i. Clear plastic bag containing suspected marijuana;
      ii. 3 clear plastic baggies knotted containing the same multi-colored pills found in the driver's side door handle;

8. Under the cushion of the rear driver's side seat was a gallon Zip-loc bag containing multiple clear plastic baggies with a large quantity of suspected marijuana and a small digital scale.

9. Williams was read his rights per Miranda and verbally claimed ownership of the large quantity of suspected marijuana and suspected narcotics.

10. The suspected narcotics were sent to the lab for drug testing. Testing reveal the presence of the following:

   a. Methamphetamine, approximate gross with of 149.84 grams;

   b. Marijuana with a gross weight of 55.30 grams;

11. Computer records showed that Williams had been convicted of multiple felony offenses, including two separate cases of Distribution, Delivery or Manufacturing a Controlled Substance.

12. Defendant has multiple convictions in the past for possession and delivery of controlled substances. The fact that he was found with over 140 grams of methamphetamine and 59 grams of marijuana, plus approximately $1600.00 in currency shows his continued intent to distribute narcotics which creates a substantial danger to the community.

13. Defendant's criminal history reflects that he has conviction(s) including, but not limited to, the following:

| Date | Court | Case No. | Charge | Sentence |
| --- | --- | --- | --- | --- |
| 11/18/2002 | St. Louis County Circuit | 02CR003752 | Poss of CDS | SIS, 3 years probation |
| 9/18/2009 | St. Louis City Circuit | 220410406-01 | Poss of CDS | 3 years DOC |
| 9/18/2009 | St. Louis City Circuit | 22051030-69-01 | Trafficking in Drugs | 15 years DOC |
| 7/01/2009 | St. Louis City Circuit | 0922-CR00476-01 | Poss of CDS | 10 years DOC |
| 1/3/2017 | St. Louis City Circuit | 1422-CR02881-01 | Dist/Del/Man/ CDS | 10 years DOC |
| 1/3/2017 | St. Louis City Circuit | 1522-CR04996-01 | Dist/Del/Man CDS; Poss of CDS | 10 years, 7 years DOC |

14. Defendant's criminal history also reflects arrests not resulting in convictions including, but not limited to, the following:

Multiple Possession of a Controlled Substance, multiple Probation Violation, and Distribution of a Controlled Substance

15. Defendant's knowledge that his the increase in sentences over the past several cases is evidence that defendant is a flight risk. Further, considering the multiple priors for delivery of controlled substances and his continued disregard for the law and the safety of the public creates a substantial risk or danger to the community.

16. Defendant committed this offense while on state parole/probation. Defendant has before been also been arrested for probation or parole violations. Defendant's inability to comply with the law while on probation and parole is indicative of his danger to the community and risk of flight were he to be released on bond in this case.

18. There is a serious risk that Defendant will flee, given Defendant's history of flight from the scene in this case, his failure to comply with supervision while on probation / parole, and the potential sentence Defendant faces in this case.

19. Defendant's criminal history and the nature and circumstances of the offense charged reflect that there is a serious danger to the community that would be posed by Defendant's release. Further, there are no conditions or combination of conditions that will reasonably assure Defendant's appearance as required.

WHEREFORE, the United States requests this Court to order Defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of Defendant's initial appearance.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

/s/ Daniel E. James
DANIEL E. JAMES, #55370MO
Special Assistant United States Attorney